a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARREN G. LEWIS, Petitioner | CIVIL ACTION NO. 1:18-CV-1003-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Darren G. Lewis ("Lewis") (#26788-034). Lewis is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Lewis challenges the legality of his sentence.

Because Lewis cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed for lack of jurisdiction.

I. Background

Lewis entered a guilty plea to three counts of interfering with commerce by committing robbery, in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Court sentenced him to prison for an aggregate term of 324 months. Lewis v. United States, 3:13-CR-338, 2017 WL 3896371, at *1 (N.D. Tex. Aug. 16, 2017), report and recommendation adopted, 3:13-CR-338, 2017 WL 3868281 (N.D. Tex. Sept. 5, 2017). Lewis did not appeal. Id.

Lewis filed a motion to vacate or correct an illegal sentence under 28 U.S.C. § 2255, raising four claims: (1) Lewis's due process rights were violated when he was convicted under section 924(c), which he asserts was invalidated under the reasoning set forth in Johnson v. United States, 135 S. Ct. 2551 (2015); (2) the court made an example out of him because he was, at one time, a professional athlete; (3) the evidence was insufficient to prove he committed the charged offenses; and (4) he pleaded guilty without understanding the consequences of that plea. Id. The district court found that Lewis's motion was untimely, and that § 2255(f)(3) was inapplicable. Id. at 2.

In his § 2241 petition, Lewis claims that his sentence is unlawful under Johnson and Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

## II. Law and Analysis

### A. Lewis cannot meet the requirements of the savings clause.

Lewis seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Lewis argues that he may proceed under the savings clause because Johnson and Dimaya render his sentence invalid. In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct. at 2563.

Lewis claims that Johnson was expanded by Dimaya. In Dimaya, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Dimaya, 138 S. Ct. at 1210. Lewis concludes that Dimaya extends to § 924(c). (Doc. 1).

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines the term "crime of violence" as:

an offense that is a felony and—

(A) has as an element the use, attempted use, or threated use of physical force against the person or property of another, or

3

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "force clause." The second clause, § 924(c)(3)(B), is referred to as the "residual clause."

First, the Fifth Circuit has held that, even in light of Johnson, the definition of "crime of violence" under § 924(c) is not unconstitutionally vague. See United States v. Jones, 854 F.3d 737, 740 (5th Cir. 2017). The Fifth Circuit has also held that, even after Dimaya, "Section 924(c)(3)(B) remains valid." United States v. Williams, 16-20815, 2018 WL 3621979, at *2 (5th Cir. July 30, 2018) (if § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute).

Additionally, a Hobbs Act robbery is a crime of violence under Section 924(c)'s force clause, not its residual clause. See United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(A)); Cleveland v. United States, 3:13-cr-479, 2018 WL 1740093, at *2 (N.D. Tex. Apr. 11, 2018) (Hobbs Act robbery fits under Section 924(c)'s force clause, not its residual clause); Bonner v. United States, No. 3:16-cv-2068, 2017 WL 4803904 (N.D. Tex. Sept. 27, 2017) (even if Dimaya impacted the Fifth Circuit's conclusion that Johnson did not reach § 924(c), Dimaya would offer no relief from a § 924(c) conviction predicated on a Hobbs Act robbery), report and recommendation adopted 2017 WL 4778709 (N.D. Tex. Oct. 23, 2017); United States v. Reed, 187 F. Supp. 3d 743, 748 (W.D. La. 2016) (Hobbs Act robbery falls within the force clause). Thus, even if Lewis

could show that § 924(c)(3)(B) was vague, he cannot show that he was sentenced under that residual clause, as opposed to the force clause of § 924(c)(3)(A).

Finally, a Hobbs Act robbery in which the statutory definition of "robbery" is "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining," 18 U.S.C. § 1951(b)—does "not contain language similar to the provision that the Supreme Court found unconstitutionally vague in Johnson, and so Johnson has no bearing on" that offense. In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in Johnson, compare Johnson, 135 S. Ct. at 2555-57, with 18 U.S.C. § 2113(a) (bank robbery), and 18 U.S.C. § 1951 (conspiracy to obstruct interstate commerce by robbery), and so Johnson has no bearing on them.").

Lewis has not identified a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense, so he cannot meet the requirements of the savings clause of § 2255(e).

III. <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Lewis's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Lewis's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] <u>Pack v. Yusuff</u>, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); <u>Reed v. Young</u>, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __12th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge